# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## APRIL 1998 SESSION

FILED

April 21, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

GEORGE W. TUCKER,                )
                                 )
    Appellant,                  )      NO. 02C01-9707-CR-00249
                                 )
                                 )      SHELBY COUNTY
VS.                              )
                                 )      HON. L. T. LAFFERTY,
STATE OF TENNESSEE,              )      JUDGE
                                 )
    Appellee.                   )      (Post-Conviction)


**FOR THE APPELLANT:**

**MARK A. MESLER**
Ballin, Ballin & Fishman, P.C.
200 Jefferson Avenue, Suite 1250
Memphis, TN 38103-2328

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**PETER M. COUGHLAN**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**WILLIAM L. GIBBONS**
District Attorney General

**ROSEMARY S. ANDREWS**
Assistant District Attorney General
201 Poplar Avenue, Suite 301
Memphis, TN 38103-1947


**OPINION FILED:** _____


**AFFIRMED**


**JOE G. RILEY,**
**JUDGE**

## OPINION

The petitioner, George W. Tucker, appeals the order of the Shelby County Criminal Court denying his petition for post-conviction relief. He is presently serving an effective sentence of twelve (12) years following his guilty pleas to the offenses of theft of property over $10,000, theft of property over $1,000 and leaving the scene of an accident. In his post-conviction petition he seeks to set aside his convictions based upon ineffective assistance of counsel and involuntariness of the guilty pleas. After an evidentiary hearing, the trial court denied relief. We find no error and AFFIRM the judgment of the trial court.

## FACTS

In 1996, petitioner pled guilty to one (1) count of theft of property over $10,000, one (1) count of theft of property over $1,000 and one (1) count of leaving the scene of an accident. The trial court sentenced him as a Range III offender to concurrent terms of twelve (12) years for each theft offense and eleven (11) months and twenty-nine (29) days for leaving the scene of an accident. Kelly Rayne of the Shelby County Public Defender's Office represented petitioner.

Petitioner testified that on the day that he was to go to trial, his attorney coerced him into pleading guilty. He claimed that she and her supervisor, Sherrye Brown, pressured him to plead guilty when he actually wanted to go to trial. They convinced him that the state would prove him guilty, and he was "worn down" by their insistence that he plead guilty. He also suggested that Rayne did not conduct an adequate investigation, including locating witnesses. He did, however, acknowledge that Rayne appeared prepared to try the case on the day he pled guilty. He also admitted that he had ten (10) prior felony convictions, nine (9) of which were guilty pleas.

Rayne testified that she and Brown approached petitioner with a negotiated plea agreement on the day trial was to begin. Rayne had asked Brown to assist her

2

with petitioner's trial because Brown had more experience than she. Rayne met with petitioner several times in preparation for trial. She testified that three (3) separate investigations were performed on petitioner's behalf, and numerous attempts were made to contact witnesses. On the day petitioner pled guilty, Rayne reviewed the state's case with petitioner and explained the amount of prison time he might receive if convicted after a trial. Rayne denied that she and Brown coerced petitioner into pleading guilty and stated that he chose to plead guilty.

Brown also testified at the hearing. She had worked with the Public Defender's Officer for approximately twelve (12) years at the time petitioner entered his guilty pleas and was assisting Rayne with several cases as co-counsel. She reviewed petitioner's entire file prior to meeting him. She discussed the various aspects of petitioner's case with him on the day of his guilty pleas. Although she advised him that pleading guilty would be in his best interest, she denied coercing petitioner to plead guilty.

## FINDINGS OF TRIAL COURT

Honorable L.T. Lafferty entered an order denying post-conviction relief.[1] This written order is a model for trial judges and is exactly the type order contemplated by Tenn. Code Ann. § 40-30-211(b). The order clearly and specifically sets forth all grounds raised by the petitioner. The order further makes <u>findings of fact</u> as to all the grounds, and does not merely summarize testimony.[2] The trial court then stated the applicable law, applied this law to the findings of fact and concluded that petitioner was entitled to no relief.

---

[1] The petition for post-conviction relief was filed on November 5, 1996. The trial court promptly entered the required preliminary order on November 14, 1996. The state filed its written response on December 12, 1996. The evidentiary hearing was conducted on January 31, 1997, and the case was taken under advisement. The trial court entered a six-page written order dismissing the petition on February 5, 1997. A trial judge must dispose of all judicial matters promptly, efficiently and fairly. Canon 3B(8), Tennessee Supreme Court Rule 10. The handling of this case by the trial judge epitomizes the high standards placed upon a court in fulfilling its responsibilities to the litigants and society.

[2] A summary of testimony does not constitute findings of fact.

3

Specifically, the trial court found that petitioner entered knowing and voluntary guilty pleas, and neither Rayne nor Brown coerced him into pleading guilty against his will. In the order, Judge Lafferty stated:

> [t]his petitioner is no stranger to the criminal justice system. He had gone through a jury trial and had entered maybe 9 or 10 guilty pleas to felonies in the past. He was represented by attorneys in each prior proceeding. From his past experience in the system and observing his demeanor, the court found it difficult to believe that these two attorneys overwhelmed the petitioner.

The trial court found that counsel performed "well within the criteria as demanded by Baxter v. Rose, 523 S.W.2d 390 (Tenn. 1975)." Moreover, the court found that petitioner had failed to establish prejudice from any of the alleged instances of deficient representation. Therefore, the trial court denied post-conviction relief.

## POST-CONVICTION STANDARD OF REVIEW

The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990); Adkins v. State, 911 S.W.2d 334, 341 (Tenn. Crim. App. 1995). The trial court's findings of fact are afforded the weight of a jury verdict, and this Court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. Henley v. State, ___ S.W.2d ___ (Tenn. 1997); Alley v. State, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997); Dixon v. State, 934 S.W.2d 69, 72 (Tenn. Crim. App. 1996). This Court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the trial judge. Henley v. State, ___ S.W.2d at ___; Massey v. State, 929 S.W.2d 399, 403 (Tenn. Crim. App. 1996); Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). Questions concerning the credibility of witnesses and the weight and value to be given to their testimony are resolved by the trial court, not this Court. Henley v. State, ___ S.W.2d at ___; Black v. State, 794 S.W.2d at 755. The burden of establishing that the evidence preponderates otherwise is on petitioner. Henley v. State, ___ S.W.2d at ___; Black v. State, 794 S.W.2d at 755.

4

## INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner claims that trial counsel was ineffective because she and her supervisor coerced him into pleading guilty. He maintains that she was not prepared to go to trial and, therefore, insisted that he plead guilty. He further argues that had it not been for counsel's insistence that he plead guilty, he would have gone to trial.

### A.

This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990).

The test in Tennessee in determining whether counsel provided effective assistance is whether his performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. Strickland v. Washington, 466 U.S. at 689, 104 S.Ct. at 2065; Alley v. State, 958 S.W.2d 138, 149 (Tenn. Crim. App. 1997); State v. Williams, 929 S.W.2d 385, 389 (Tenn. Crim. App. 1996).

In Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Supreme Court applied the two-part Strickland standard to ineffective assistance of counsel claims arising out of a guilty plea. The Court in Hill modified the prejudice requirement by requiring a defendant to show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. 474 U.S. at 59, 106 S.Ct. at 370.

### B.

5

The trial court found it implausible that Rayne and Brown had coerced petitioner into pleading guilty due to petitioner's prior experience with the criminal justice system. The court found that Rayne had thoroughly investigated the state's case against petitioner and fully advised petitioner on her investigation. Indeed, the trial court found no deficiency on the part of Rayne or Brown in their representation of petitioner in this case. The trial court accredited the testimony of Rayne and Brown. The burden is on the petitioner to establish that the evidence preponderates against the trial court's findings. *See* Alley v. State, 958 S.W.2d at 147; Dixon v. State, 934 S.W.2d at 72. The petitioner has failed to meet his burden.

This issue is without merit.

## VOLUNTARINESS OF GUILTY PLEA

Petitioner further contends that his guilty pleas were involuntary because he was coerced into pleading guilty. He concedes that the state made an "affirmative showing that [his] plea was knowing and voluntary" under the standards set forth in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and State v. Mackey, 553 S.W.2d 337 (Tenn. 1977). However, he suggests that his pleas were involuntary because he was forced to plead by his attorneys.

Whether a defendant's plea of guilty was voluntarily, understandingly and knowingly entered is determined by looking at the totality of the circumstances. State v. Turner, 919 S.W.2d 346, 353 (Tenn. Crim. App. 1995). The trial court, as well as this Court, must consider all of the relevant circumstances that existed at the time the plea was entered. Id.

The trial court found no evidence that petitioner's attorneys forced him into pleading guilty. The court looked at petitioner's past experience with the criminal justice system and noted that petitioner had entered approximately nine (9) guilty pleas to felonies in the past. The court concluded that petitioner's guilty pleas were not involuntary. Petitioner has not demonstrated that the evidence preponderates otherwise.

6

This issue has no merit.

## CONCLUSION

The trial court, after hearing testimony and observing the appearance and demeanor of each witness, entered extensive findings. The trial court dismissed the petition based upon these findings. We find that the evidence does not preponderate against the trial court's findings that petitioner's guilty pleas were voluntary and that he received effective representation at the trial level. Accordingly, the judgment of the trial court is affirmed.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**DAVID G. HAYES, JUDGE**

_____
**WILLIAM M. BARKER, JUDGE**